IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MANHEIM INVESTMENTS, INC., :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:05-CV-0660-JOF
PAUL HAMMAR :
and ROY HAMMAR, :
:
    Defendants. :

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion for default judgment [4].

**I.    Background**

On March 10, 2005, Plaintiff Manheim Investments, Inc., filed suit against Defendants Paul and Roy Hammer for breach of contract. On March 15, 2005, Plaintiff personally served both Defendants with process, triggering the start of the twenty-day period in which Defendants could file an answer to the complaint. Defendants failed to do so, and thus, pursuant to Fed. R. Civ P. 55(a), are in default. On May 3, 2005, Plaintiff moved for default judgment.

The facts, as set forth in the Complaint and its attachment, are as follows. On October 1, 2001, Defendants executed and delivered promissory note ("the note") to Cox Logoed

Apparel, Inc. ("CLA"), in return for a loan in the principal sum of $500,000.  Cmplt. ¶ 5. Plaintiff is the successor-in-interest to CLA.  Cmplt. ¶ 1.  Defendants were to make scheduled monthly payments to CLA.  The note stated that Defendants would be in default if the "[m]akers shall fail to pay any principal or interest hereunder five (5) days after such amount is due and payable."  Prom. Note § 6(a).  Having not made the required payments in a timely fashion, Defendants defaulted on the note.  Cmplt. ¶ 7.  Upon the occurrence of default by the Defendants, the holder of the note was entitled to accelerate payments under the note consisting of the entire principal balance plus all accrued and unpaid interest.  Prom. Note § 7.  The default interest rate upon acceleration was 4% more than the underlying borrowing rate, 8%.  Prom. Note §§ 1(a) & 8.  Pursuant to § 15 of the note, the parties agreed that the note would be governed in all respects by Georgia law.  Plaintiff avers that because of Defendants' default, Plaintiff is owed $566,652 in unpaid principal, plus interest through March 8, 2005.

**II.    Discussion**

A court may grant default judgment on claims brought by plaintiffs that are legally sufficient and supported by well-pleaded allegations.  *McCoy v. Johnson*, 176 F.R.D. 676, 679 (N.D. GA. 1997) (Forrester, J.).  Nevertheless, an entry of default judgment is only warranted where the facts alleged in the complaint, which are deemed admitted by virtue of default, are sufficient to establish the claim for which relief is sought.  *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

2

Furthermore, a "judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *see also* Fed. R. Civ. P. 55(b); *Patray v. Northwest Publ'g, Inc.,* 931 F. Supp. 865, 869 (S.D. GA. 1996). The claimant "cannot satisfy the certainty amount simply by requesting a specific amount. He must also establish that the amount is reasonable under the circumstances." *Patray*, 931 F. Supp. at 869.

Here, Plaintiff contends that the Defendants breached the note by failing to make timely payments. The party claiming a breach of contract has the burden of pleading and proving (1) the subject matter of a contract, (2) consideration, and (3) mutual assent by the parties to all of the contract terms. *See* O.C.G.A. § 13-3-1; *Broughton v. Johnson*, 247 Ga. App. 819, 819 (2001). Once such a contract is shown, the elements of a right to recover for breach of the contract are (1) a breach of the contract and (2) "the resultant damages to the party who has the right to complain about the contract being broken." *Budget Rent-A-Car of Atlanta, Inc. v. Webb*, 220 Ga. App. 278, 279 (1996) (quoting *Graham Bros. Co. v. C. W. Matthews Contracting Co.*, 159 Ga. App. 546, 550 (1981)). The court finds that the well-pled allegations in Plaintiff's complaint set forth all of the required elements to establish Defendant's liability for breach of contract as set forth in the promissory note.

When Defendants defaulted on the note, they became liable, under the acceleration clause, for immediate payment of all the remaining principal and interest. Past due principal

3

and interest bears an interest rate of 12% pursuant to the note. The court finds the damages to be capable of mathematical calculation. Plaintiff, in its complaint, calculated total amount due under the note to be $566,652. Accepting all well-pled allegations as true, the court accepts Plaintiff's calculation of amounts owed under the note.

### III.   Conclusion

Accordingly, finding that the Plaintiff's claims are legally sufficient and supported by well-pled allegations, the court GRANTS Plaintiff's motion for default judgment against Defendants [4]. Defendants are DIRECTED to pay Plaintiff in the amount of $566,652.

**IT IS SO ORDERED** this 12th day of December 2005.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE
